UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



GEORGE ALEXANDER YARID,

Plaintiff,

v.

LAYTON HARMAN *et al.*,

Defendants.

Civil Action No. 3:12-CV-237

## ORDER

THIS MATTER is before the Court on Plaintiff George Alexander Yarid's Motion to Proceed *in Forma Pauperis* (IFP). (ECF No. 1.) In support of his Motion, Plaintiff submitted a financial affidavit attesting to his assets and inability to pay the required filing fees. Upon due consideration, the Court concludes that Plaintiff is unable to pay the required fees. Accordingly, the Court GRANTS the Motion and DIRECTS the Clerk to file the Complaint attached to the Motion. *See* 28 U.S.C. § 1915(a).

Having reviewed the Complaint filed along with Plaintiff's application, however, the Court finds that the Complaint currently fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must liberally construe *pro se* complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide Defendants with fair notice of the facts upon which their liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the Court DIRECTS Plaintiff, within fifteen (15) days of the date of this Order, to particularize his Complaint in conformance with the following directions and in the order set forth below:

    a. At the *very top* of the particularized pleading, Plaintiff must place the following caption in all capital letters: "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:12-CV-137."

    b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legible, in separately numbered paragraphs, a statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each federal or state law allegedly violated. Under each section, Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c. The particularized pleading will supplant the original Complaint and must stand or fall on its own accord. Plaintiff may not reference statements in the original pleading.

    d. The particularized complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08-CV-035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

Failure to comply strictly with the requirements set forth above will result in dismissal of the action without prejudice. *See* Fed. R. Civ. P. 41(b).

Let the Clerk send a copy of this Order to Plaintiff.

It is SO ORDERED.

```
_____/s/_____
James R. Spencer
United States District Judge
```

ENTERED this 4th day of April 2012.